**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**HEATHER MARIE SEGO** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-CV-272-JHM**

**MICHELLE RYAN, *et al.*** **DEFENDANTS**

# MEMORANDUM OPINION

Plaintiff Heather Marie Sego initiated this *pro se* 42 U.S.C. § 1983 civil rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

## I. STATEMENT OF CLAIMS

Plaintiff sues Defendants Michelle Ryan, Social Services Clinician II; Rebecca Hays, Department for Community Based Services (DCBS) Supervisor; Julie Potter, Social Services Clinician; and Whitley O'Daniel, DCBS Supervisor in their individual and official capacities. All Defendants appear to be employees of the Kentucky DCBS.

Plaintiff's complaint alleges, *in toto*:

> Defendants, acting under color of state law, violated Plaintiff's constitutional rights under the[F]ourteenth Amendment by: [ ] initiating and maintaining a 26-month child welfare investigation on or about 09/2022, without sufficient evidence.
>
> During this time the Plaintiff was subjected to repeated scrutiny and interference with parental rights. Failed to properly notify Plaintiff of allegations, failure to present evidence, and allowing decisions to be made without adequate opportunity for Plaintiff to respond. Interference with parental rights resulting in severe restrictions on parenting time, supervision requirements, and other limitations that were not supported by evidence that continued after the case was dismissed.

> On November 14, 2024[,] the case was adjudicated and dismissed. Despite this, Defendants['] actions affected Plaintiff, including KARES[1] impacting Nursing career with ongoing harm to this day.

(DN 1, PageID.5) (cleaned up).

Plaintiff attaches to the complaint a copy of a United States Department of Justice Civil Rights Complaint form, in which she provides additional information pertaining to the DCBS "Case Plan" for the custody of her minor children. Therein, Plaintiff states that there were delays in initiating the Case Plan resulting in inadequate notice to Plaintiff, and that material inaccuracies were entered in the Case Plan that went uncorrected, including unsubstantiated allegations against Plaintiff of substance abuse and physical injury to a minor child. She represents that her parental access was restricted to the "strictest degree throughout the 26 months," after which the case against her was ultimately dismissed on November 14, 2024. Plaintiff maintains that as a registered nurse, her placement on the KARES database "affect[ed] [her] career." (DN 1-1, PageID.10).

Plaintiff brings her claims under "42 U.S.C. § 1983, U.S. Constitution, Fourteenth Amendment (Due Process and Equal Protection); 28 U.S.C. §§ 2201-2202 (Declaratory Relief)." She seeks compensatory and punitive damages; a declaration that Defendants' actions violated her constitutional rights; an order requiring "correction or removal of any records related to the child welfare investigations and proceeding;" and removal of her name from the KARES database.

## II. APPLICABLE LAW

### *A. Screening Standard*

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997),

[1] The Court understands "KARES" to refer to the Kentucky Applicant Registry and Employment Screening, which appears to be an electronic background check system/database for healthcare employees.

*overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

***B. Statute of Limitations***

A court may *sua sponte* dismiss a complaint if it is clear from its face that the claims are time-barred. *See Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2022) (holding that *sua sponte* dismissal is appropriate when "the statute of limitations defect [is] obvious from the face of the complaint"). Because 42 U.S.C. § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275–80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations turns on state law, the question of when a § 1983 claim accrues to trigger the statute is a matter of federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).

The Sixth Circuit recognizes two formulations of the accrual rule: the standard, or "occurrence" rule, which triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim; and the "discovery" rule, which postpones the limitations period to the date that the plaintiff discovered, or reasonably should have discovered, basic facts about the claim. *Reguli v. Russ*, 109 F.4th 874, 879-80 (6th Cir. 2024).

As the Sixth Circuit has recently explained,

> Under the so-called "occurrence" rule, the Supreme Court has held that a statute of limitations "presumptively" starts on the first day that "a complete and present cause of action" exists. *McDonough v. Smith*, 588 U.S. 109, 115 (2019) (quoting *Wallace*, 549 U.S. at 388); *see Reguli*, 109 F.4th at 879. In other words, this rule triggers the limitations period when a claim's elements have all arisen, *see Reguli*, 109 F.4th at 879, such that the plaintiff can sue in court on the claim, *see Wallace*,

> 549 U.S. at 388. Our cases, by contrast, have departed from this presumptive occurrence rule in § 1983 suits by regularly following a "discovery" rule instead. *See Reguli*, 109 F.4th at 879–80. This rule starts the limitations period on the date that the plaintiff learned of (or should have learned of) certain "facts about the claim." *Id.*

*Abbey v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 182 F.4th 496, 500 (6th Cir. 2026). In *Abbey*, the Sixth Circuit declined to adopt a definitive accrual rule because the plaintiff's Fourth Amendment claims were untimely under either standard. 182 F.4th at 500–01 ("Because the complaint alleges facts showing that Abbey did not timely file her three claims under either accrual rule, we need not choose between them to resolve this case.") (internal quotation marks and citation omitted); *see also, e.g.*, *Coleman v. Hamilton Cnty. Bd. of Cnty. Comm'rs*, 130 F.4th 593, 602 (6th Cir. 2025) ("[W]e can assume that the more plaintiff-friendly discovery rule applies here because the difference does not matter to the outcome.").

The Court finds that the same is true of Plaintiff's claims, as discussed below.

## III. ANALYSIS

Plaintiff alleges that her constitutional rights were violated by Defendants' initiation of a "26-month child welfare investigation" against her beginning "on or about 09/2022" and concluding on November 14, 2024, at which time "the case was adjudicated and dismissed." (DN 1, PageID.5).

The limitations period in this case is one year. Ky. Rev. Stat. § 413.140(1)(a). Applying the more favorable "discovery" rule of accrual, Plaintiff had one year from the time she knew or had reason to know of the injury which formed the basis of her action. In this regard, courts have "looked to what event should have alerted the typical lay person to protect his or her rights." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (internal quotation marks and citation omitted). The Sixth Circuit has since elaborated that "the discovery rule does

not delay the statute of limitations until the date that a plaintiff gathers enough evidence to win the case; it delays the statute of limitations until the date that 'the average lay person' should have recognized the need to *investigate further*." *Abbey*, 182 F.4th at 503 (quoting *Miller v. Cocke Cnty., Tenn.*, No. 21-5585, 2022 WL 103143, at *2 (6th Cir. Jan. 11, 2022)).

Plaintiff filed her complaint in this Court on April 15, 2026. Under a liberal reading of the complaint, the latest potential date of the events giving rise to Plaintiff's claims is November 14, 2024, when the case against her was dismissed. However, it is clear from the complaint that Plaintiff knew or should have known of her alleged injuries on or before November 14, 2024, even in the absence of adequate notice of the investigation because, in her own telling, multiple due process violations are alleged to have occurred during the course of the 26-month investigation before it concluded.

Plaintiff also appears to allege that, because of or as part of the investigation, she was "placed on the KARES" (DN 1-1, PageID.10), thereby "impacting [her] Nursing career with ongoing harm to this day." (DN 1, PageID.5). Plaintiff does not identify the type of information contained in the KARES database, when or how she was placed in the database, for what reason, or a specific consequence that occurred relative to her employment or professional license. Even if the Court were to assume that the continuing violation doctrine could apply in this case to toll the statute of limitations, *see Slorp v. Lerner, Sampson & Rothfuss*, 587 F. App'x 249, 257 (6th Cir. 2014) ("Courts have been extremely reluctant to extend the continuing-violation doctrine beyond the context of Title VII.") (internal quotation marks and citations omitted), Plaintiff at most alleges an "ill effect" of the original violation, which is insufficient to support that theory here. *See Tolbert v. Ohio Dep't of Transp.*, 172 F.3d 934, 940 (6th Cir.1999) ("[A] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation.");

*see also, e.g.*, *Tingley v. Michigan*, No. 1:20-CV-94, 2021 WL 1821597, at *6 (W.D. Mich. Apr. 20, 2021), *report and recommendation adopted*, 2021 WL 1820365 (W.D. Mich. May 6, 2021) ("Tingley's continued appearance on the Central Registry may have produced continuing ill effects, but it was not caused by continuing unlawful acts.").

In sum, even utilizing an accrual date of November 14, 2024, when the DCBS case against Plaintiff was dismissed, her complaint would still be untimely as it was filed one year and five months later. Thus, Plaintiff's claims against Defendants must be dismissed for failure to state a claim upon which relief may be granted. *See, e.g.*, *Cataldo v. U.S. Steel Corp*., 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones v. Bock*, 549 U.S. at 215) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

**IV. CONCLUSION**

For these reasons, the Court will dismiss the action by separate Order.

Date: September 15, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.015